IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. _____

GEORGE HOLLOWAY,

       Plaintiff,

vs.

UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,

       Defendant.

---

**COMPLAINT AND REQUEST FOR JURY TRIAL**

---

      COMES NOW Plaintiff, George Holloway, by his attorney, James L. Cox, Jr., of Brent Coon & Associates, and by way of claim against Defendant, alleges, avers and states:

### GENERAL ALLEGATIONS

      1.    At all times herein mentioned, Defendant, Union Pacific Railroad Company, a Delaware corporation, was and is now a duly-organized and existing corporation doing business in the States of Colorado and Arizona and other states, with its principal place of business in Omaha, Nebraska.

      2.    Defendant was at all times herein mentioned and now is engaged in the business of a common carrier by railroad in interstate commerce in Colorado and Arizona and other states.

      3.    At all times herein mentioned, part of Plaintiff's duties as an employee of Defendant were in the furtherance of and directly or closely or substantially affected said interstate commerce.

      4.    The injuries sustained by Plaintiff hereinafter enumerated arose in the course of Plaintiff's employment with Defendant.

      5.    Plaintiff brings this action against Defendant under the provisions of 45 U.S.C., §§ 51 to 60, *et seq.* ("The Federal Employers' Liability Act"), regulations promulgated under the authority of those sections, and other federal safety laws.

6. Under the terms of the Federal Employers' Liability Act this court has jurisdiction.

7. Each Claim for Relief is brought within the statute of limitations applicable to the Federal Employers' Liability Act.

## FIRST CLAIM FOR RELIEF
45 U.S.C. § 51-60 (FELA)
Injury on January 10, 2012

8. Plaintiff incorporates herein Paragraphs 1-7 of GENERAL ALLEGATIONS.

9. On January 10, 2012, Plaintiff was employed as a trackman for Union Pacific Railroad, and working on Defendant's line near Casa Grande, Arizona.

10. On that date, Plaintiff was assisting in replacing ties under a track panel at the instruction of and under the supervision of his supervisor.

11. The process of replacing the ties and aligning them so that the rails could be spiked onto the ties required that the existing panel be raised by track jacks. A track jack is a manually-operated jack that is placed under the rail of the panel and manually operated to raise the rail and panel, similar to the jack used on an automobile. Because of the confined space around the panel, space for Plaintiff's feet while he was operating the track jack was limited.

12. After raising the panel with the jacks, Plaintiff and his coworker put their jacks in the position to lower the jacks and, therefore, the panel. When Plaintiff attempted to release the jack he was provided, it released suddenly, dropping the panel, a tie of which landed on his right foot, causing the injuries enumerated herein.

13. The coworker was provided a jack that released and lowered gradually. Plaintiff was provided a jack that released fully, and lowered the panel fully and quickly.

14. At the time and place of Plaintiff's right foot injury, Defendant, Union Pacific Railroad Company, had the duty, among others, to exercise ordinary care to provide its employees with a reasonably safe place to work, in, among other things:

    (a) the duty to provide Plaintiff with adequate assistance, human or mechanical, to replace the ties and lift the panel;

    (b) the duty to investigate, implement, and institute reasonably safe methods and procedures for the performance of the work;

(c) the duty to provide the gang with which Plaintiff was working adequate time within which to perform their work;

(d) the duty to comply with Defendant's safety and engineering rules and regulations as it relates to the work that Plaintiff and his coworkers were instructed to perform;

(e) the duty to provide adequate training and supervision of Plaintiff;

(f) the duty to provide Plaintiff with proper tools and equipment with which to perform his work;

(g) the duty to provide Plaintiff with proper and adequate safety equipment with which to perform his work; and

(h) other duties that may be revealed in discovery.

15. Defendant, through its agents, servants and employees other than Plaintiff, negligently failed to perform the above-said duties, as a result of which Plaintiff was caused to suffer a crushing injury to his right foot, resulting in Complex Regional Pain Syndrome in his right lower extremity, a condition that results in chronic pain and significant disability.

16. Plaintiff's injuries hereinabove enumerated may have impaired Plaintiff's ability to enjoy life and may impair in the future Plaintiff's ability to enjoy life.

17. By reason of the facts hereinabove stated and the injury caused Plaintiff, Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and surgeons, and for medicines, x-rays, and hospitalization. Plaintiff is informed and believes and therefore alleges that he may require further medical attention as a result of said injury.

18. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff may incur a further indebtedness for medical attention.

19. By reason of the facts hereinbefore stated and the injuries caused Plaintiff thereby, Plaintiff may have sustained loss of wages and loss of fringe benefits in the past, and may in the future sustain loss of wages, impairment of earning capacity, and loss of fringe benefits, all to his damage.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

## SECOND CLAIM FOR RELIEF
45 U.S.C. § 51-60 (FELA)
Injury on or about October 19, 2013

20. On or about October 19, 2013, Plaintiff was employed as a laborer on Union Pacific Railroad line near Casa Grande, Arizona.

21. On that date, Plaintiff was assisting in washing track machines assigned to a large tie gang, Gang 9043.

22. The machines that were to be washed, in this instance, were parked on a siding near Casa Grande, Arizona. The siding is an elevated track, built on ballast, with large, mainline ballast extending beyond the edge of the ties and dropping down at an angle to the adjacent ground ("the ballast shoulder").

23. Plaintiff and his coworkers were provided a truck and trailer. On the trailer was a container of water and a container of soap. The procedure that was to be used was to first wet a machine by spraying water on it using a large, long hose with a large nozzle; then another employee would use a similar hose to spray soap onto all parts of the machine, including the wheels. Then the employee using the water hose would return, and use the water hose to rinse the soap, oil, diesel fuel, and dirt from the machine.

24. At the time and place of Plaintiff's injuries, the truck could only be parked on one side of the siding. Both sides of the machines have to be washed. This requires the employee wielding the hose to cross over the siding track, ties, rails, and ballast shoulder, while dragging his hose.

25. Plaintiff had wet the machine with the water hose. His coworker had sprayed soap on both sides of the machine.

26. Plaintiff hosed off one side of the machine.

27. As Plaintiff was walking to the other side of the machine to rinse that side, and dragging the water hose, he lost his balance as he was descending the ballast shoulder on that side. He instinctively jerked to attempt to regain his balance and not fall. In the process, Plaintiff suffered the injuries hereinafter enumerated.

28. Plaintiff was caused to lose his balance because the ballast was loose and slippery from the water and soap.

29. At the time and place of Plaintiff's back injury, Defendant, Union Pacific Railroad Company, had the duty, among others, to exercise ordinary care to provide its employees with a

reasonably safe place to work, in, among other things:

      (a)      the duty to provide Plaintiff with adequate assistance, human or mechanical, to wash the machines;

      (b)      the duty to investigate, implement, and institute reasonably safe methods and procedures for the performance of the work;

      (c)      the duty to provide Plaintiff with reasonably safe tools and equipment with which to work;

      (d)      the duty to inspect, maintain, and repair Defendant's track to keep it in compliance with Federal track safety standards;

      (e)      the duty to comply with Defendant's safety and engineering rules and regulations as it relates to the condition of the siding track on which Plaintiff and his coworkers were working; and

      (f)      other duties that may be revealed in discovery.

30. Defendant, through its agents, servants and employees other than Plaintiff, negligently failed to perform the above-said duties, as a result of which Plaintiff was caused to suffer an injury to his back.

31. Plaintiff's injuries hereinabove enumerated may have impaired Plaintiff's ability to enjoy life and may impair in the future Plaintiff's ability to enjoy life.

32. By reason of the facts hereinabove stated and the injury caused Plaintiff, Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and surgeons, and for medicines, x-rays, and hospitalization. Plaintiff is informed and believes and therefore alleges that he may require further medical attention as a result of said injury.

33. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff may incur a further indebtedness for medical attention.

34. By reason of the facts hereinbefore stated and the injuries caused Plaintiff thereby, Plaintiff may have sustained loss of wages and loss of fringe benefits in the past, and may in the future sustain loss of wages, impairment of earning capacity, and loss of fringe benefits, all to his damage.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be

ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES RAISED HEREIN.

Respectfully submitted this 5th day of January, 2015.

By: s/James L. Cox, Jr.
James L. Cox, Jr.
Attorney for Plaintiff
BRENT COON & ASSOCIATES, PC
3801 E. Florida Ave., Suite 905
Denver, CO  80210-2500
(303) 756-3243
(303) 756-3595 fax
Jim.Cox@bcoonlaw.com

Plaintiff's Address:

Surprise, AZ  85388